UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LINCOLN PLOWMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-01733-LJM-DKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Lincoln Plowman ("Mr. Plowman") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On September 15, 2010, Mr. Plowman, an elected member of the Indianapolis and Marion County City-County Council, was charged in an Indictment with count 1, attempted extortion under color of official right in violation of 18 U.S.C. § 1951(a); and count 2, soliciting a bribe in violation of 18 U.S.C. § 666(a)(1)(B), in 1:10-cr-00151-LJM-KPF-1. After a trial by jury, on September 15, 2011, Mr. Plowman was found guilty of both counts of the Indictment.

The Court sentenced Mr. Plowman to a term of imprisonment of 40 months on both counts, concurrent, to be followed by two years of supervised release on each count, concurrent. Judgment of conviction was entered on December 13, 2011.

Mr. Plowman filed a notice of appeal. On November 20, 2012, the Seventh Circuit Court of Appeals affirmed his conviction. On October 28, 2013, Mr. Plowman filed this motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Mr. Plowman asserts four claims of ineffective assistance of counsel: 1) counsel was ineffective by failing to challenge the sufficiency of the indictment; 2) counsel was ineffective by failing to argue *mens rea*; 3) counsel was ineffective for refusing to subpoena two requested defense witnesses; and 4) counsel was ineffective by failing to appeal the motion *in limine* which precluded witness Mike Speedy from testifying.

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Plowman to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "'eliminate the distorting effects of hindsight.'" *Id.* at 523 (quoting *Strickland*, 466 U.S. at 689).

With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.

*Sufficiency of Indictment*

Mr. Plowman argues that the Indictment failed to recite that Mr. Plowman committed an overt act of interstate commerce by extortion and how federal funds were associated with the alleged bribery crime, in violation of Rule 7 of the *Federal Rules of Criminal Procedure.* He contends that had trial counsel challenged the Indictment, the Court would have dismissed all charges against him.

Rule 7(c) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." For each count, the indictment "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.*

Mr. Plowman argues that count 1 of the Indictment did not state the requirement of 18 U.S.C. § 1951 that interstate commerce be affected by extortion. In fact, count 1 of the Indictment did allege that Mr. Plowman "did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951…." Dkt. 9-1. The stipulation entered into by the government, Mr. Plowman, and his counsel reasonably provided that "[i]nterstate commerce and the movement of articles and commodities in interstate commerce would be potentially affected

by the opening of a business selling liquor in the State of Indiana." Dkt. 9-2. Mr. Plowman has shown no error or prejudice in entering into this stipulation.

With respect to count 2, the indictment adequately alleged the elements of the offense of soliciting a bribe, including the solicitation of a bribe by an agent of local government and the local government's receipt of more than $10,000 of federal funds. Dkt. 9-1.

There are three constitutional requirements for an indictment: 1) that it "contains the elements of the offense charged," 2) that it "fairly informs a defendant of the charge against which he must defend," and 3) that it enables the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce,* 549 U.S. 102, 108 (2007); *see also United States v. Cox,* 536 F.3d 723, 726 (7th Cir. 2013). Moreover, "[a]s a general matter, indictments are reviewed on a practical basis and in their entirety, rather than in a hypertechnical manner." *Cox,* 536 F.3d at 726 (internal quotation omitted). Here, the indictment contained the elements of the offenses charged and put the defendant on notice of the nature of the offenses. *See id.* The indictment was not insufficient and this claim of ineffective assistance is meritless.

*Failure to Argue Mens Rea*

Mr. Plowman next contends that if counsel had argued effectively that Mr. Plowman had no intention to commit the crimes charged in the Indictment, the jury most likely would have found him innocent. He asserts that counsel should have written a *mens rea* jury instruction, objected to the government's closing argument on intent, and presented testimony showing that Mr. Plowman did not receive the $1,000.00 campaign contribution as set forth in the Indictment. Mr. Plowman contends that the undercover FBI agent was the pursuer/aggressor and was coercive, not him.

None of Mr. Plowman's specific allegations of ineffective assistance relating to *mens rea* are supported by the record. First, the instructions given to the jury *did* include a *mens rea* element. *Mens rea,* or criminal mental intent, is expressed by words such as "knowingly," "purposely" or "recklessly."  *See e.g., Brown v. Caraway,* 719 F.3d 583, 593 (7th Cir. 2013). Jury instructions 14, 15, 16, 18, 19, 20, and 22 all include references to "knowingly," "knowing," "with the intent to be influenced or rewarded," and/or "acts with the understanding."

Second, Mr. Plowman has not specified any remark by the prosecutor in closing statements that should have drawn an objection. In his reply, Mr. Plowman alleges that in closing, the government argued with respect to the charge of solicitation of a bribe, that "the defendant did so corruptly with the intent to be influenced in connection with some business of the local government." It was the government's position throughout the trial that Mr. Plowman knowingly committed the two crimes with which he was charged. It was not improper for the government to argue that in closing. Mr. Plowman's counsel attempted to assert an entrapment defense, but that was not successful. *See United States v. Plowman,* 700 F.3d 1052 (7th Cir. 2012) (Plowman failed to establish inducement). The defense's strategy was to demonstrate that Mr. Plowman lacked criminal intent. The fact that the jury did not adopt the defense's position does not render counsel ineffective. Mr. Plowman has not demonstrated that counsel performed below an objective standard of reasonableness in this regard.

*Failure to Subpoena Two Witnesses*

For his third claim, Mr. Plowman asserts that he had requested that counsel subpoena zoning board members, including Mr. Retherford, to testify, but counsel failed to do so. He argues that if the zoning board members testified, they would have stated that he had never contacted them or attempted to influence them with regard to Special Agent Aysta's efforts to open a strip

club, and the jury would have found him innocent. The government correctly responds that such testimony would have been irrelevant and inadmissible. Whether or not Mr. Plowman tried to influence other board members would not have changed the facts relating to the crime with which he was charged. The offenses were completed when he solicited the $5,000 payment and $1,000 campaign contribution and then accepted the $5,000 payment from Special Agent Aysta. Mr. Plowman has not shown any deficiency with respect to his attorney not presenting testimony from other board members.

*Failure to Appeal Motion in Limine Ruling*

Mr. Plowman's final claim of ineffective assistance is that counsel failed to appeal the Court's ruling granting the government's motion *in limine* which precluded City-County Councilman Mike Speedy from testifying that people who are on the City Council could also work as consultants. The Court heard argument on the motion and concluded that calling Mr. Speedy would not help the jury because there was no allegation that there was anything improper about a councilman having a side job. The Court ruled that Mr. Speedy's testimony would have no relevance at all. (1:10-cr-00151; Dkt. 145, pp. 231-235).

To show that counsel was ineffective on appeal, Mr. Plowman must demonstrate that counsel "ignored significant and obvious issues." *Blake v. United States,* 723 F.3d 870, 888 (7th Cir. 2013). "For an attorney's performance to be considered ineffective on such grounds, it must be shown that the neglected issues are clearly stronger than the arguments that actually were raised on appeal." *Id.* (internal quotation omitted). In this case, counsel raised on appeal the most significant issue in the case, whether the district court erred in granting a motion *in limine* precluding Mr. Plowman from arguing an entrapment defense. Mr. Plowman attempted to show that he was induced into accepting a bribe, but the Seventh Circuit affirmed the Court's ruling.

The fact that Mr. Speedy was not allowed to testify about councilmen having consulting jobs on the side was not nearly as important an issue in the case. Mr. Plowman has not shown any error in this regard.

*Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. A hearing is not warranted under these circumstances.

*Conclusion*

The foregoing circumstances show that Mr. Plowman is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:10-cr-00151-LJM-KPF-1.**

**II. Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Plowman has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 03/17/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lincoln Plowman
7356 Oxbridge Place
Indianapolis, IN 46259

Electronically registered counsel